

ORIGINAL

John-Anthony: Guadnola
Zachary-Garrett: Guadnola
c/o P.O. Box 1062
Haleiwa, Hawaii [96712]
Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
FEB 2 5 2016
at 9 o'clock and 34 min. a M
SUE BEITIA, CLERK

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| John-Anthony: Guadnola<br>Zachary-Garrett: Guadnola,<br>　　　Plaintiff,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC<br>　　　DEFENDANT, | Civil Case No. CV16 00082 DKW KSC<br><br>TRIAL BY JURY DEMANDED |

**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE
CONSUMER PROTECTION ACT 47 U.S.C. 227**

**JUDICIAL NOTICE**

The United States Supreme Court, in Haines v Kerner 404 U.S. 519 (1972), said that all litigants defending themselves must be afforded the opportunity to present their evidence and that the Court should look to the substance of the complaint rather than the form.

## JURISDICTION

1. This court has jurisdiction under 47 U.S.C. 277(b)(3) and 28 U.S.C. 1331.

2. All conditions precedent to the bringing of this action have been performed.

## PARTIES

3. The Plaintiff's in this lawsuit is Zachary Garrett Guadnola, John Anthony Guadnola, both natural persons, who resides in Honolulu County, Hawaii.

4. The Defendant in this lawsuit is UBER TECHNOLOGIES INC. (UBER) which is a Transportation Network Company, incorporated in Delaware, with offices at 1455 Market Street, San Francisco, California 94103.

5. The Defendant is registered with the State of Hawaii, as a Foreign Profit Corporation.

## VENUE

6. The occurrences that give rise to this action occurred in Honolulu County, Hawaii and Plaintiff's resides in Honolulu County, Hawaii.

7. Venue is proper in the District of Hawaii.

## FACTUAL ALLEGATIONS

8. Plaintiff contacted Defendant, via US Certified Mail number 70150640000517313726 on October 1, 2015 demanding UBER cease all communications, thus rescinding permission to contact said Plaintiffs cell phone.

9. UBER continued to willfully contact Plaintiff's cell phone with 37 SMS (text) messages from October 2, 2015 until January 20, 2016.

10. The 37 text messages from October 2, 2015 through January 20, 2016 made to Plaintiffs cell phone number were not for emergency purpose and were made without consent, express or otherwise, of the Plaintiff.

11. The text messages from the defendant to Plaintiffs cell phone number 808-230-0121 occurred on the following dates and times:

1) October 2, 2015 at 9:42 AM;

2) October 3, 2015 at 9:13 AM;

3) October 4, 2015 at 10:12 AM;

4) October 5, 2015 at 8:52 AM;

5) October 6, 2016 at 9:46 AM;

6) October 7, 2015 at 9:23 AM;

7) October 8, 2015 at 8:46 AM;

8) October 9, 2015 at 9:59 AM;

9) October 10, 2015 at 1:29 PM;

10) October 12, 2015 at 12:12 PM;

11) October 13, 2015 at 10:46 AM;

12) October 14, 2015 at 9:38 AM;

13) October 15, 2015 at 9:36 AM;

14) October 16, 2015 at 9:17 AM;

15) October 19, 2015 at 12:24 PM;

16) October 20, 2015 at 9:17 AM;

17) October 21, 2015 at 9:23 AM;

18) October 22, 2015 at 8:52 AM;

19) October 23, 2015 at 9:01 AM;

20) October 24, 2015 at 9:50 AM;

21) October 26, 2015 at 11:46 AM;

22) October 27, 2015 at 9:39 AM;

23) October 28, 2015 at 9:59 AM;

24) October 29, 2015 at 9:01 AM;

25) October 29, 2015 at 6:06 PM;

26) October 30, 2015 at 9:17 AM;

27) November 3, 2015 at 7:17 AM;

28) November 19, 2015 at 9:50 AM;

29) December 2, 2015 at 2:03 PM;

30) December 14, 2015 at 9:31 AM;

31) December 15, 2015 at 5:54 PM;

32) December 21, 2015 at 12:49 PM;

33) January 13, 2016 at 5:44 PM;

34) January 15, 2016 at 9:57 AM;

35) January 18, 2016 at 10:07 AM;

36) January 19, 2016 at 10:04 AM;

37) January 20, 2016 at 9:41 AM.

11.  Plaintiff at or near the time of each of the text messages sent to his cell phone by the Defendant made copies of all messages details including but not limited to

the date, time, details of the message.

12. Upon information and good-faith belief, the text messages identified above were placed to Plaintiffs cell phone number using an automatic telephone dialing system (ATDS).

13. Upon information and belief, Defendant sent text messages to the Plaintiff's cell phone willfully.

14. Upon information and belief, the Defendant had knowledge that text messaging Is a violation of the Telephone Consumer Protection Act 47 U.S.C 227 as stated in the FCC DECLARITIVE RULING July 10, 2015.

15. Upon information and belief, Defendant maintains business records that show all text messages Defendant placed to Plaintiffs cell phone number.

16. This complaint is brought within the statue of limitations pursuant to 47 U.S.C. 227.

17. The above identified text messages were received on the T-Mobile Cell phone owned by John Anthony Guadnola, and used by his son, Zachary Garrett Guadnola.

## COUNT 1

## VIOLATIONS OF THE TCPA 47 U.S.C. 227(b)(1)(A)(iii)

17. Plaintiff repeats and re-alleges each and every allegation stated above.

18. Defendants aforementioned conduct violated the TCPA, 47 U.S.C. 227.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Adjudging that UBER violated the TCPA 47 U.S.C. 227.

b. Awarding Plaintiff Statuary damages pursuant to 47 U.S.C. 227(b)(3)(B)(C) of $1500 for each text message made to Plaintiffs cell phone as knowingly and/or willful violations;

c. Awarding Plaintiff $55,500 for 37 text messages sent willfully in Violation of 47 U.S.C 227.

d. Awarding Plaintiff any fees and costs incurred in this action;

e. Awarding Plaintiff any post-judgment interest as may be allowed by law;

f. Awarding such other and further relief as the court may deem just and proper.

### DEMAND FOR TRAIL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully Submitted,

Zachary–Garrett: Guadnola

John-Anthony: Guadnola